**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GERGELY SOMOGYI, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>     v.<br><br>ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO,<br><br>              Defendants. | Case No. 1:21-cv-06845-DG-MMH<br><br>Date of Service: February 8, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**DONALD MARTIN MEYER FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.  FACTUAL BACKGROUND.........................................................................................2

III. ARGUMENT .................................................................................................................3

    A.   Mr. Meyer Satisfies the PSLRA's Requirements and Should Be
    Appointed Lead Plaintiff...................................................................................3

        1.   Mr. Meyer Has Timely Moved for Appointment as Lead Plaintiff.............5

        2.   Mr. Meyer Has the Largest Financial Interest in the Relief Sought
        by the Class ...............................................................................................5

        3.   Mr. Meyer Satisfies the Requirements of Rule 23....................................5

            a.   Mr. Meyer's Claims Are Typical......................................................6

            b.   Mr. Meyer Is Adequate ....................................................................7

    B.   Mr. Meyer's Selection of Counsel Should Be Approved .......................................8

IV.  CONCLUSION...............................................................................................................9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ................................................................................................8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................6, 7

*Rauch v. Vale S.A.*,
    378 F. Supp. 3d 198 (E.D.N.Y. 2019) ..............................................................................6, 7

**Statutes**

15 U.S.C. § 78u-4(a) .......................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...........................................................................................................6, 7

Donald Martin Meyer ("Mr. Meyer") respectfully submits this Memorandum of Law in support of his motion (the "Motion") for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (3) any such further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The above-captioned securities class action (the "Action") asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), against Organogenesis Holdings Inc. ("Organogenesis" or the "Company") and certain of the Company's executive officers (collectively, "Defendants").  The Action is brought on behalf of all persons and entities that purchased or otherwise acquired Organogenesis securities between March 17, 2021, and October 11, 2021 (the "Class Period").

The PSLRA governs the selection of the Lead Plaintiff in class actions asserting claims under the federal securities laws.  Specifically, the PSLRA requires a court to appoint as Lead Plaintiff the movant: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the litigation; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Meyer respectfully submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. Meyer's Motion is timely and his losses of approximately $36,121 under a last-in, first-out ("LIFO") analysis in connection with his transactions in Organogenesis securities during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Declaration of Geoffrey C.

1

Jarvis ("Jarvis Decl."), Exs. A & B.  In addition to asserting the largest financial interest, Mr. Meyer satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.  *See* Section III.A.3, *infra*.  Moreover, as set forth in the Declaration of Donald Martin Meyer, Mr. Meyer fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation.  *See* Jarvis Decl., Ex. C, ¶¶ 6, 8.

Finally, Mr. Meyer respectfully requests that his selection of Kessler Topaz as Lead Counsel for the class be approved.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  *See* Section III.B, *infra*.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.    FACTUAL BACKGROUND

Organogenesis, a Delaware corporation with principal executive offices in Canton, Massachusetts, develops, manufactures, and commercializes products used in advanced wound care and surgical biologics, including its Affinity and PuraPly XT wound covering products.

The Action alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (1) Organogenesis improperly billed the federal government for Affinity and PuraPly XT by, among other things, setting the price for those products multiple times higher than similar products; (2) Organogenesis improperly induced doctors to use Affinity and PuraPly XT through lucrative reimbursements; (3) as a result of all the foregoing, Organogenesis's revenue

2

and profits derived from Affinity and PuraPly XT were unsustainable; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

As alleged in the Action, investors began to learn the truth on October 12, 2021, when an anonymous short report published on the Value Investors Club website (the "VIC Report") alleged that the Company had "ripped off Medicare to the tune of $250+ million."  According to the VIC Report, Organogenesis had been charging the government an "exorbitantly high" price for Affinity that "could have been upwards of $800-1000/sqcm," while simultaneously offering doctors rebates "upwards of 30%" so that they were able to "pocket the spread between the reimbursed amount and what they paid Organogenesis."  As a result, "Affinity was very profitable for doctors to use and Affinity drove almost all of Organogenesis['s] growth"—prompting the Company to similarly manipulate the pricing and marketing processes for PuraPly XT.  However, in July 2021, the Centers for Medicare & Medicaid Services established a price of $584/sqcm for Affinity— meaning that, "instead of collecting a large spread and making thousands in profit per use," doctors were only "reimbursed for the cost of the product plus 6%, which is the industry standard." Moreover, the VIC Report explained, new legislation effective in January 2022 "effectively ends the redbook/wholesale pricing games played by Organogenesis."  On this news, the price of Company stock declined $1.70 per share, or approximately 14.1%, from a close of $12.05 per share on October 11, 2021, to close at $10.35 per share on October 12, 2021.

## III.   ARGUMENT

### A.   Mr. Meyer Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I). The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, Mr. Meyer is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by

the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.* § 78u-4(a)(3)(B)(iii)(I).

### 1.    Mr. Meyer Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id.* § 78u-4(a)(3)(A)(i)(II). The Action was filed on December 10, 2021, and notice was published that same day in *Globe Newswire* alerting investors to the pendency of the action and informing them of the February 8, 2022 deadline to seek appointment as Lead Plaintiff. *See* Jarvis Decl., Ex. D. Accordingly, Mr. Meyer has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

### 2.    Mr. Meyer Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Mr. Meyer suffered losses of approximately $36,121 under a LIFO analysis in connection with his Class Period transactions in Organogenesis securities. *See* Jarvis Decl. Exs., A-B. To the best of his knowledge, Mr. Meyer has the largest financial interest in this matter and is the presumptive "most adequate plaintiff."

### 3.    Mr. Meyer Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

5

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff selection stage of litigation, only a "preliminary showing of typicality and adequacy is required." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (citation omitted); *see also Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 209 (E.D.N.Y. 2019) ("the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements—typicality and adequacy—are satisfied") (citations omitted).

### a. Mr. Meyer's Claims Are Typical

The typicality requirement is satisfied when the presumptive lead plaintiff's "claims arise from the same conduct from which the other class members' claims and injuries arise." *Kaplan*, 240 F.R.D. at 94 (citation omitted). Mr. Meyer satisfies this requirement because, just like all other proposed class members, Mr. Meyer purchased Organogenesis securities during the Class Period in reliance upon Defendants' false and/or misleading statements and suffered damages thereby. Thus, Mr. Meyer's claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other class members. Accordingly, Mr. Meyer satisfies the typicality requirement of Rule 23.

**b.      Mr. Meyer Is Adequate**

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In evaluating a movant's adequacy, courts consider whether: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94 (citations omitted); *see also Vale*, 378 F. Supp. 3d at 210 (same).

Mr. Meyer is adequate because his interest in vigorously pursuing claims against Defendants is aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and/or misleading statements.  There is no potential conflict between Mr. Meyer's interests and those of the other members of the class, and Mr. Meyer is fully committed to vigorously pursuing the claims on behalf of the class.  Moreover, as set forth in Mr. Meyer's Declaration, Mr. Meyer fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation.  *See* Jarvis Decl., Ex. C, ¶¶ 6, 8.

Mr. Meyer has further demonstrated his adequacy through his selection of Kessler Topaz as Lead Counsel for the class.  As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its

7

capability to conduct complex securities class action litigation in an efficient, effective, and professional manner.

### B.      Mr. Meyer's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Here, Mr. Meyer has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Mr. Meyer's selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Jarvis Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor

8

after a week-long trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court may be assured that, in the event this Motion is granted, the class will receive the highest caliber of legal representation available. Accordingly, Mr. Meyer's selection of counsel should be approved.

## IV.   CONCLUSION

For the reasons stated herein, Mr. Meyer respectfully requests that the Court: (1) appoint Mr. Meyer as Lead Plaintiff: (2) approve his selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

DATED:  February 8, 2022                    Respectfully submitted,

**KESSLER TOPAZ**
**   MELTZER & CHECK, LLP**

*/s/ Geoffrey C. Jarvis*
Geoffrey C. Jarvis
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gjarvis@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

9

*Counsel for Donald Martin Meyer and*
*Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I, Geoffrey C. Jarvis, hereby certify that on February 8, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Geoffrey C. Jarvis
Geoffrey C. Jarvis

11