**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERGELY SOMOGYI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO, <br><br> Defendants. | **CASE No.: 1:21-cv-06845-DG-MMH** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRANDON BATES TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> **CLASS ACTION** |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ..................................................................... 4

ARGUMENT ............................................................................................................... 5

    I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 5

        A.   Movant Is Willing to Serve as Class Representative ...................................... 6

        B.   Movant Has the Largest Financial Interest in the Action................................. 6

        C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 7

            1.   Movant's Claims are Typical................................................................... 8

            2.   Movant Is Adequate................................................................................. 8

        D.   Movant Is Presumptively the Most Adequate Plaintiff.................................... 9

    II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED.......................... 9

CONCLUSION............................................................................................................. 10

CERTIFICATE OF SERVICE .................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*In re Oxford Health Plans, Inc. Sec. Litig.,*

   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................ 8

*In re Bally Total Fitness*, *Sec. Litig.*,

   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .................................................................... 7

*In re Cendant Corp. Litigation*,

   264 F.3d. 201 (3d Cir. 2001) ........................................................................................... 9

*In re Fuwei Films Sec. Litig.*,

   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................. 7, 8

*In re Livent, Inc. Noteholders Sec. Litig.*,

   210 F.R.D. 512 (S.D.N.Y. 2002) .................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,

   3 F.Supp.2d 286 (E.D.N.Y. 1998) .................................................................................. 7

*Lax v. Merch. Acceptance Corp.*,

   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................................... 7

*Takara Trust v. Molex*,

   229 F.R.D. 577 (N.D. Ill. 2005) ..................................................................................... 7

**STATUTES**

15 U.S.C. § 78u-4 ................................................................................................... 6, 7, 9, 10

**RULES**

Fed. R. Civ. P. 23 .......................................................................................................... 6, 8, 9

Plaintiff Brandon Bates ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Organogenesis Holdings Inc. ("Organogenesis" or the "Company") between March 17, 2021 and October 11, 2021, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on December 10, 2021 against the Company, Gary S. Gillheeney, Sr., and David C. Francisco for violations under the Exchange Act. Dkt. No. 1 ¶ 1. That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

Organogenesis is a regenerative medicine company that develops, manufactures, and commercializes solutions for the advanced wound care and surgical and sports medicine markets in the U.S. The Company's products include, among others, "Affinity" and "PuraPly XT". Dkt. No. 1 ¶¶ 2 and 18. Affinity is a wound covering product used to support the treatment of a variety of wound sizes and types. PuraPly XT is an antimicrobial barrier used for a broad variety of wound types. *Id* ¶ 2.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Organogenesis improperly billed the federal government for its Affinity and PuraPly XT products by, among other things, setting

4

the price for those products multiple times higher than similar products; (2) the Company improperly induced doctors to use its Affinity and PuraPly XT products through lucrative reimbursements; (3) as a result of all the foregoing, the Company's revenue and profits derived from its Affinity and PuraPly XT products were at least in substantial part unsustainable; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*. ¶¶ 3 and 42.

Then, on October 12, 2021, an anonymous short report addressing Organogenesis was published on Value Investors Club, an online website where investors share investment ideas (the "VIC Report"). *Id*. ¶¶ 4 and 43. The VIC Report alleged, among other issues, that the Company has been improperly billing the federal government for $250 million annually. *Id*. The VIC Report also alleged that the Company had set the price for its new wound covering, Affinity, "exorbitantly high[,]" which Medicare reimbursed, while making the product lucrative for doctors to use through large rebates, and that the Company employed a similar tactic for its new PuraPly XT product. *Id*.

On this news, Organogenesis' stock price fell $1.70 per share, or 14.11%, to close at $10.35 per share on October 12, 2021, damaging investors. *Id*. ¶¶ 5 and 48. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *Id*. ¶¶ 6 and 49.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any

5

pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**A. Movant Is Willing to Serve as Class Representative**

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

6

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $7,842 in connection with purchases of Organogenesis securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Organogenesis securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Organogenesis securities and is, therefore, extremely motivated to pursue claims in this action.

**D. Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Movant has several years of investing experience and is a member of the military on active duty. He is a resident of North Carolina.

**II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims

against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 8, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

11