UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERGELY SOMOGYI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO, <br><br> Defendants. | Case No.  1:21-cv-06845-DG-MMH <br><br> Date of Service:  February 8, 2022 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CRAIG ADAMS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT ...........................................................................................................................4

      A.     ADAMS SHOULD BE APPOINTED LEAD PLAINTIFF ...................................4

            1.     Adams Is Willing to Serve as Class Representative ...................................5

            2.     Adams Has the "Largest Financial Interest"..............................................5

            3.     Adams Otherwise Satisfies the Requirements of Rule 23 ..........................6

            4.     Adams Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses..............................................9

      B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................................9

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229, 238 (S.D.N.Y. 1992) ...................................................................................7

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................6

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ......................................8

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429, (M.D. Fla. Feb. 6, 1997)...................................7

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................8

*Galestan v. OneMain Holdings, Inc. et al.*,
No. 17-cv-01016-VM (S.D.N.Y.)......................................................................................2, 10

*Gluck v. CellStar Corp.*,
976 F. Supp. 542, 546 (N.D. Tex. 1997) .................................................................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................6, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285, 291 (2d Cir. 1992)............................................................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................6, 7

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ................................................................................................7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ..............................................................................................9

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)..................................................5, 6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)............................................................................10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23.................................................................................................. *passim*

Movant Craig Adams ("Adams") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Adams as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Organogenesis Holdings Inc. ("Organogenesis" or the "Company") securities between March 17, 2021 and October 11, 2021, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action"), Dkt. No. 1 (the "Complaint"), alleges that Defendants defrauded investors in violation of the Exchange Act. Organogenesis investors, including Adams, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Organogenesis securities to fall sharply, damaging Adams and other Organogenesis investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his transactions in Organogenesis securities during the Class Period, Adams incurred losses of approximately $13,107. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Adams believes that he has the largest financial interest in the relief sought in the Action. Beyond his

1

considerable financial interest, Adams also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Adams has selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States ("U.S.").  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.  Holzer recently recovered $9 million for the class of investors in *Galestan v. OneMain Holdings, Inc. et al.*, No. 17-cv-01016-VM (S.D.N.Y.), and has successfully served as co-lead counsel in numerous other shareholder class actions during the firm's 20-year history.

Accordingly, Adams respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz and Holzer as Co-Lead Counsel for the Class.

## STATEMENT OF FACTS

Organogenesis is a regenerative medicine company that develops, manufactures, and commercializes solutions for the advanced wound care and surgical and sports medicine markets in the U.S.  Complaint ¶ 2.  The Company's products include, among others, "Affinity" and "PuraPly XT".  *Id.*  Affinity is a wound covering product used to support the treatment of a variety of wound sizes and types.  *Id.*  PuraPly XT is an antimicrobial barrier used for a broad variety of wound types.  *Id.*

2

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* ¶ 3. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Organogenesis improperly billed the federal government for its Affinity and PuraPly XT products by, among other things, setting the price for those products multiple times higher than similar products; (ii) the Company improperly induced doctors to use its Affinity and PuraPly XT products through lucrative reimbursements; (iii) as a result of all the foregoing, the Company's revenue and profits derived from its Affinity and PuraPly XT products were at least in substantial part unsustainable; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On October 12, 2021, an anonymous short report addressing Organogenesis was published on Value Investors Club, an online website where investors share investment ideas (the "VIC Report"). *Id.* ¶ 4. The VIC Report alleged, among other issues, that the Company has been improperly billing the federal government for $250 million annually. *Id.* The VIC Report also alleged that the Company had set the price for its new wound covering, Affinity, "exorbitantly high[,]" which Medicare reimbursed, while making the product lucrative for doctors to use through large rebates, and that the Company employed a similar tactic for its new PuraPly XT product. *Id.*

On this news, Organogenesis' stock price fell $1.70 per share, or 14.11%, to close at $10.35 per share on October 12, 2021. *Id.* ¶ 5.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 6.

3

## ARGUMENT

### A.    ADAMS SHOULD BE APPOINTED LEAD PLAINTIFF

Adams should be appointed Lead Plaintiff because he has the largest financial interest in the Action to his knowledge and otherwise meets the requirements of Rule 23.    Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act.    The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.    *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.    Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiffs and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Adams satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

4

### 1.    Adams Is Willing to Serve as Class Representative

On December 10, 2021, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Organogenesis securities that they had until February 8, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Adams has filed the instant motion pursuant to the PSLRA Notice and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Adams satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Adams Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Adams has the largest financial interest of any Organogenesis investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (i) the number of shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D.

5

Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Adams: (i) purchased 1,000 shares of Organogenesis securities; (ii) expended $23,320 on his purchases of Organogenesis securities; (iii) retained 1,000 of his shares of Organogenesis securities; and (iv) as a result of the disclosures of the fraud, suffered a loss of $13,107 in connection with his Class Period purchases of Organogenesis securities. *See* Lieberman Decl., Ex. A. Because Adams possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Adams Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

6

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Adams are typical of those of the Class. Adams alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading. Adams, as did all Class members, purchased Organogenesis securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Adams is an adequate representative for the Class. There is no antagonism between the interests of Adams and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Adams has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and Holzer to the Court for approval as Co-Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Adams has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a

Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

### 4.    Adams Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Adams as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Adams to fairly and adequately represent the Class has been discussed above.  Adams is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Adams should be appointed Lead Plaintiff for the Class.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"

(quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Adams has selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Holzer recently recovered $9 million for the class of investors in *Galestan v. OneMain Holdings, Inc. et al.*, No. 17-cv-01016-VM (S.D.N.Y.), and has successfully served as co-lead counsel in numerous other shareholder class actions during the firm's 20-year history. *See id.*, Ex. F.

As a result of their extensive experience in similar litigation, Adams's choice of counsel, Pomerantz and Holzer, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Adams's selection of Pomerantz and Holzer as Co-Lead Counsel, the Class members will receive the best legal representation available. Thus, Adams respectfully urges the Court to appoint Pomerantz and Holzer to serve as Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, Adams respectfully requests that the Court issue an Order: (1) appointing Adams as Lead Plaintiff for the Class; and (2) approving Pomerantz and Holzer as Co-Lead Counsel for the Class.

Dated:  February 8, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

HOLZER & HOLZER, LLC
Corey D. Holzer
(*pro hac vice* application forthcoming)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Counsel for Craig Adams and Proposed Co-Lead Counsel for the Class*

11