**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERGELY SOMOGYI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06845-DG-MMH |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF RICHARD J. GANEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL**

## INTRODUCTION

Before this Court is a securities class action brought on behalf of purchasers of Organogenesis Holdings, Inc. ("Organogenesis" or the "Company") common stock between March 17, 2021 and October 11, 2021, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Richard J. Ganem, ("Proposed Lead Plaintiff") hereby moves this Court for an order: (i) appointing him as Lead Plaintiff; and (ii) approving his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Ganem is the most adequate plaintiff as defined by the PSLRA because Mr. Ganem believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $28,821 on his purchases of Organogenesis shares. Mr. Ganem's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Ganem is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should appoint Mr. Ganem as Lead Plaintiff and approve Block & Leviton as Lead Counsel.

## FACTUAL BACKGROUND[1]

Organogenesis is a regenerative medicine company engaged in the development, manufacture, and commercialization of advanced wound care, surgical, and sports medicine

---

[1] The facts are taken from the Complaint that was filed in *Somogyi v. Organogenesis Holdings, Inc., et al.,* No. 1:21-cv-06845-DG-MMH (ECF No. 1). References to "¶" refer to that Complaint.

markets in the U.S. ¶ 18. Two of the company's products are "Affinity", a wound covering, and "PuraPly XT", an antimicrobial barrier for wounds. *Id.* Sales of Affinity and PuraPly XT are reflected in Organogenesis's financial results for Advanced Wound Care products and Surgical & Sports Medicine products respectively. *Id.*

On March 16, 2021, in after-market hours, Organogenesis announced fourth quarter 2020 and full year 2020 financial results, which included increased net revenue and gross profit figures attributed in part to both Advanced Wound Care products and Surgical & Sports Medicine products. ¶¶ 19-20. Organogenesis also filed an annual report on Form 10-K, that noted factors affecting the Company's revenue, gross profit, and gross profit margin to include regulatory actions pertaining to healthcare reimbursement scenarios, amongst other factors. ¶ 24. Subsequent quarterly financial results announced on May 10, 2021, and August 9, 2021, also reported increased net revenues and gross profits, continually citing strength in both Advance Wound Care products and Surgical & Sports Medicine products. ¶¶ 28-41.

Before the market opened on October 12, 2021, Value Investors Club, a members-only online investment forum, published a report ("VIC Report") alleging that Organogenesis had been improperly billing the federal government for approximately $250 million annually. Details of the allegations included the company pulling Affinity off the market in 2019, only to reintroduce the product back in 2020 at much higher prices that Medicare would at least initially pay out to providers, a form of Medicare fraud known as wholesale price manipulation. ¶ 45. Another allegation against Organogenesis in the VIC Report was that the company was giving doctors rebates upwards of 30%, which allowed ethically questionable doctors to "pocket the spread" between the reimbursed amount and the amount paid by Organogenesis. ¶ 45.

The VIC Report stated that Affinity became the primary driver of Organogenesis' growth, and as a result. the Company decided to employ similar pricing tactics with PuraPly XT. ¶ 46. On this news, shares of Organogenesis stock dropped 14% on October 12, 2021, damaging investors. ¶ 48.

Defendants made false and/or misleading statements and/or failed to disclose that: (i) Organogenesis improperly billed the federal government for both its Affinity and PuraPly XT products; (ii) the Company used lucrative reimbursements to improperly induce doctors to use the two products; (iii) as a result of the foregoing, the Company's revenue and profits derived from those products were unsustainable; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 3.

## ARGUMENT

### I.  The Court Should Appoint Mr. Ganem as Lead Plaintiff.

#### A.  The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, February 8, 2022), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members

4

of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Mr. Ganem Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Ganem timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Ganem has signed a certification pursuant to the PLRSA. *See* Block Decl.,[2] Ex. C. Mr. Ganem has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. E.

**C.      Mr. Ganem Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Mr. Ganem's accompanying signed certification and loss chart, Mr. Ganem incurred a substantial loss of approximately $28,821 on his class period transactions in Organogenesis securities. *See* Block Decl. Exs. C, D. These losses are calculated using a "Last In First Out" methodology.  At the time of this filing, Mr. Ganem believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

---

[2] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

**D.    Mr. Ganem Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Ganem's claims are typical because, like all members of the class, he purchased or otherwise acquired Organogenesis securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Ganem's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Ganem is also an adequate representative for the proposed class. His substantial financial interests in the outcome of the action demonstrates that Mr. Ganem's interests are aligned with those of the class. Thus, Mr. Ganem satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Ganem is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint the Mr. Ganem as Lead Plaintiff.

## II. The Court Should Appoint Proposed Lead Plaintiff's Choice of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Proposed Lead Plaintiff has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Proposed Lead Plaintiffs' selection of Block & Leviton as lead counsel.

## CONCLUSION

For the foregoing reasons, Richard J. Ganem respectfully requests that the Court: (i) appoint him as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

Dated: February 8, 2022         Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
**BLOCK & LEVITON LLP**

260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com

*Attorneys for the Richard J. Ganem and
Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*
Jeffrey C. Block