**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GERGELY SOMOGYI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO, <br><br> Defendants. | Case No. 1:21-cv-06845-DG-MMH <br><br> Date of Service: February 22, 2022 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
DONALD MARTIN MEYER FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL,
AND IN OPPOSITION TO COMPETING MOTIONS**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................................1

II.     ARGUMENT.........................................................................................................................3

        A.      Mr. Meyer Should Be Appointed Lead Plaintiff ........................................................3

                1.      Mr. Meyer Has the Largest Financial Interest ..............................................4

                2.      Mr. Meyer Satisfies the Relevant Requirements of Rule 23 .......................4

        B.      Mr. Meyer's Selection of Counsel Should Be Approved ........................................6

        C.      The Competing Motions Should Be Denied.............................................................6

III.    CONCLUSION......................................................................................................................6

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
    No. 12 Civ. 1203(PAE),
    2012 WL 2025850 (S.D.N.Y. May 31, 2012) ................................................................. 1-2, 4

*In re Cavanaugh v. U.S. Dist. Court for the N. Dist. of Cal.*,
    306 F.3d 726 (9th Cir. 2002) ..........................................................................................6

*In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) .......................................................................................3, 6

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) .....................................................................................2

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................4, 5

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    No. 20-cv-8585 (LJL),
    2021 WL 148752 (S.D.N.Y. Jan. 15, 2021) ...........................................................3

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................. *passim*

Donald Martin Meyer respectfully submits this Memorandum of Law in further support of his Motion for appointment as Lead Plaintiff and approval of selection of counsel (ECF No. 7), and in opposition to the competing motions.[1]  No movant opposes Mr. Meyer's motion.

## I.    INTRODUCTION

On February 8, 2022, Mr. Meyer filed a timely motion under the PSLRA for an Order: (1) appointing Mr. Meyer as Lead Plaintiff; (2) approving Mr. Meyer's selection of Kessler Topaz as Lead Counsel for the class; and (3) granting any such further relief as the Court may deem just and proper.  In addition to Mr. Meyer's Motion, motions seeking appointment as Lead Plaintiff were also filed by: (1) Richard J. Ganem (ECF No. 16); (2) Craig Adams (ECF No. 14); (3) Mark Fredrick Dalessi (ECF No. 12); and (4) Brandon Bates (ECF No. 10).  Every other movant has filed a notice of non-opposition and does not challenge Mr. Meyer's entitlement to appointment as Lead Plaintiff.  *See* ECF Nos. 19, 20, 21, & 22.  Accordingly, Mr. Meyer's motion is now unopposed.

A straightforward application of the PSLRA provides that the "most adequate plaintiff"— the plaintiff entitled to appointment as lead plaintiff—is the movant asserting the largest financial interest that also makes a *prima facie* showing of typicality and adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Mr. Meyer is the presumptive Lead Plaintiff under the analysis required by the PSLRA.

***First***, as detailed below, Mr. Meyer suffered the largest losses under the preferred LIFO methodology in connection with his Class Period transactions in Organogenesis securities:[2]

---

[1]    Unless otherwise indicated, all capitalized terms are defined in Mr. Meyer's Motion and accompanying Memorandum of Law, *see* ECF Nos. 7 & 8, all emphasis is added, and all internal citations are omitted.

[2]    LIFO is the preferred and most-widely-accepted methodology for calculating movants' losses.  *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at

| Movant | Claimed LIFO Losses |
|---|---|
| **Mr. Meyer** | **$36,121** |
| ~~Richard J. Ganem~~ | ~~$28,822~~ |
| ~~Craig Adams~~ | ~~$13,107~~ |
| ~~Mark Fredrick Dalessi~~ | ~~$9,337~~ |
| ~~Brandon Bates~~ | ~~$7,842~~ |

Accordingly, Mr. Meyer possesses the "largest financial interest" in this litigation. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (determining that movant with greatest LIFO losses had the largest financial interest).

*Second*, in addition to asserting the dominant financial interest, Mr. Meyer readily satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all class members. Indeed, as set forth in the Declaration of Donald Martin Meyer, Mr. Meyer fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents. *See* ECF No. 9-3 ¶¶ 6-8. Mr. Meyer is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See id.*

*Third*, because there is no "proof" to rebut Mr. Meyer's presumptive status as the most adequate plaintiff under the PSLRA, Mr. Meyer is entitled to appointment as Lead Plaintiff and

---

*3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO"). The movants' LIFO losses are taken from their respective filings.

2

the competing motions must be denied.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).

*Fourth*, Mr. Meyer has selected Kessler Topaz as Lead Counsel.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .").

Accordingly, Mr. Meyer respectfully requests that the Court grant his Motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    Mr. Meyer Should Be Appointed Lead Plaintiff

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses.  *Id.* § 78u-4(a)(3)(B)(iii)(II).  Because Mr. Meyer is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Mr. Meyer is entitled to appointment as Lead Plaintiff.  *See, e.g.*, *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-8585 (LJL), 2021 WL 148752, at *5 (S.D.N.Y. Jan. 15, 2021) ("Courts have made clear . . . that mere speculation is insufficient to rebut the presumption of adequacy.").  Indeed, none of the

3

competing movants challenge Mr. Meyer's qualifications to serve as Lead Plaintiff under the PSLRA.  *See* ECF Nos. 19, 20, 21, & 22.

### 1.      Mr. Meyer Has the Largest Financial Interest

Courts in the Second Circuit and across the country primarily look to movants' asserted losses, as calculated under the LIFO methodology, when assessing financial interest under the PSLRA.  *See, e.g.*, *Kinross Gold*, 2012 WL 2025850, at *3 ("[T]he overwhelming trend . . . nationwide has been to use LIFO to calculate such losses.").

Based on the movants' respective submissions to the Court, it is clear that Mr. Meyer suffered the largest losses in connection with his Class Period transactions in Organogenesis securities, and thus, possesses the largest financial interest of any movant before the Court:



### 2.      Mr. Meyer Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Mr. Meyer also satisfies the applicable requirements of Rule 23—adequacy and typicality.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).

As demonstrated in his opening brief, Mr. Meyer's claims are typical of the class's claims. *See generally* ECF No. 8.  Like all other class members, Mr. Meyer: (1) purchased Organogenesis securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby.  *See, e.g.*, *Kaplan*, 240 F.R.D. at 94 (stating that the typicality requirement is satisfied when the presumptive lead plaintiff's "claims arise from the same conduct from which the other class members' claims and injuries arise").  Mr. Meyer also satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Mr. Meyer, by asserting the largest losses of any movant before the Court, has more than a sufficient interest in this case to ensure the vigorous prosecution of this litigation.  As demonstrated in the Declaration of Donald Martin Meyer, ECF No. 9-3, Mr. Meyer is fully committed to prosecuting this action efficiently and in the best interests of the class.  Thus, Mr. Meyer's interests are clearly aligned with other class members and there is no evidence of any conflicts.  *See Kaplan*, 240 F.R.D. at 94 (stating that in evaluating movants' adequacy, courts consider whether: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy").

Moreover, no "proof" exists to rebut Mr. Meyer's presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).

Because he possesses "the largest financial interest in the relief sought by the class" and "otherwise satisfies the relevant requirements of Rule 23," Mr. Meyer should be appointed as Lead Plaintiff. *See id*. § 78u-4(a)(3)(B)(iii)(I).

**B.      Mr. Meyer's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval.  *See id*. § 78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Accordingly, Mr. Meyer's selection of Kessler Topaz—a firm with significant experience prosecuting complex securities class actions—as Lead Counsel should be approved.

**C.      The Competing Motions Should Be Denied**

As demonstrated above, each competing movant's claimed losses are lower than Mr. Meyer's losses, and there is no "proof" to rebut Mr. Meyer's presumptive status.  *See* ECF Nos. 19 (presenting no argument challenging Mr. Meyer's presumptive status), 20 (same), 21 (same), & 22 (same).  This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" lead plaintiff selection process.  *In re Cavanaugh v. U.S. Dist. Court for the N. Dist. of Cal.*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

**III.  CONCLUSION**

For the reasons stated herein, Mr. Meyer respectfully requests that the Court: (1) appoint Mr. Meyer as Lead Plaintiff: (2) approve his selection of Kessler Topaz as Lead Counsel for the class; and (3) deny the competing motions.

6

DATED:  February 22, 2022

Respectfully submitted,

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**

*/s/ Geoffrey C. Jarvis*
Geoffrey C. Jarvis
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gjarvis@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Donald Martin Meyer and
Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Geoffrey C. Jarvis, hereby certify that on February 22, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ *Geoffrey C. Jarvis*
Geoffrey C. Jarvis

8