**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERGELY SOMOGYI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06845-DG-MMH |
| Plaintiff, | Date of Service: March 1, 2022 |
| v. | |
| ORGANOGENESIS HOLDINGS INC., GARY S. GILLHEENEY, SR., and DAVID C. FRANCISCO, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF DONALD MARTIN MEYER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................................1, 2

Donald Martin Meyer respectfully submits this Reply Memorandum of Law in further support of his unopposed Motion for appointment as Lead Plaintiff and approval of selection of counsel (ECF No. 7).[1]

While motions seeking appointment as Lead Plaintiff were also filed by Richard J. Ganem, Craig Adams, Mark Fredrick Dalessi, and Brandon Bates, each of these movants has filed a notice of non-opposition to Mr. Meyer's Motion. *See* ECF Nos. 19, 20, 21, & 22. Accordingly, Mr. Meyer's Motion is unopposed.

Mr. Meyer easily satisfies the requirements for appointment as Lead Plaintiff under the PSLRA, as he has the largest financial interest among the movants, his claims are typical, and he will fairly and adequately protect the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Meyer suffered substantial losses of approximately $36,121 under a LIFO analysis in connection with his Class Period transactions in Organogenesis securities. *See* ECF No. 8 at 5. Moreover, as set forth in the Declaration of Donald Martin Meyer, Mr. Meyer fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents. *See* ECF No. 9-3, ¶¶ 6-8. Mr. Meyer is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See id.*

Finally, no movant has submitted a response brief challenging any aspect of Mr. Meyer's Motion or his entitlement to appointment—let alone presenting the "proof" necessary to rebut his

---

[1] All capitalized terms are defined in Mr. Meyer's Motion and accompanying Memorandum of Law (ECF Nos. 7 & 8).

1

presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).  Accordingly, it is undisputed that Mr. Meyer is the most adequate plaintiff and Mr. Meyer respectfully requests that the Court appoint Mr. Meyer as Lead Plaintiff and approve his selection of Kessler Topaz as Lead Counsel for the class.

DATED:  March 1, 2022

Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

*/s/ Geoffrey C. Jarvis*
Geoffrey C. Jarvis
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gjarvis@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Donald Martin Meyer and
Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I, Geoffrey C. Jarvis, hereby certify that on March 1, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such public filing to all counsel registered to receive such notice.

> */s/ Geoffrey C. Jarvis*
> Geoffrey C. Jarvis